UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER WILLIAM DUNKLE,

    Plaintiff,

v.                                                       Case No. 8:22-cv-2497-WFJ-TGW

N. CARMACK, *et al.*,

    Defendants.
_____/

**ORDER**

    Mr. Dunkle, a Florida pre-trial detainee, initiated this action by filing a civil rights complaint (Doc. 1). He alleges Defendants violated his constitutional rights by failing to advise him of his *Miranda* rights before questioning him and obtaining a statement from him.[1] As relief, Mr. Dunkle requests all "incriminating evidence" in his criminal case suppressed, the criminal charges dismissed, and monetary compensation for violation of his *Miranda* rights (Id., p. 5).

    The Court has undertaken a preliminary screening of the complaint in accord with 28 U.S.C. § 1915(e)(2). After doing so, the Court determines the complaint must be dismissed for failure to state a claim on which relief may be granted.

    Mr. Dunkle's allegation that Defendants violated *Miranda* procedures is not a cognizable claim under § 1983. *See Vega v. Tekoh,* 142 S. Ct. 2095 (2022);*Jones v. Cannon*, 174

---

[1] In *Miranda v. Arizona*, 384 U.S. 436 (1966), the Court held that officers must provide a "*Miranda* warning" to a criminal suspect in custody prior to interrogating the suspect.

F.3d 1271, 1291 (11th Cir. 1999) ("[F]ailing to follow *Miranda* procedures triggers the prophylactic protection of the exclusion of evidence, but does not violate any substantive Fifth Amendment right such that a cause of action for money damages under § 1983 is created."). And to the extent Mr. Dunkle challenges his criminal proceedings, he must raise his claims in a habeas corpus petition, not a civil rights complaint. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973))); *Maps v. Miami Dade State Attorney*, 693 F. App'x 784, 786-87 (11th Cir. 2017) ("It is well established that an inmate in state custody 'cannot use a § 1983 action to challenge the fact or duration of his confinement' and instead must seek federal habeas corpus or appropriate state court relief.") (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)). Thus, the complaint is subject to dismissal under § 1915(e)(2)(B)(ii).

Accordingly, the complaint (Doc. 1) is **DISMISSED** for failure to state a claim upon which relief may be granted. The Clerk must close this case.

ORDERED in Tampa, Florida, on November 4, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Christopher William Dunkle, *pro se*